**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER MEZA-ACOSTA,<br><br>    Defendant. | Case No. 20-cr-01318-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 47)** |

On September 1, 2020, this Court sentenced Mr. Meza-Acosta to thirty-three months in custody for entering the United States illegally after deportation in violation of Title 8, United States Code, Section 1326. (ECF No. 46.) Now, after serving fifteen months, Mr. Meza-Acosta moves to reduce his sentence under Title 18, United States Code, Section 3582(c)(1)(A)(i) because of the risk he faces from COVID-19. (ECF No. 47.) The Government opposes. (ECF No. 53.) Because Mr. Meza-Acosta has failed to exhaust his administrative remedies, and because he has not demonstrated extraordinary and compelling reasons for his release, nor would a sentence reduction be consistent with factors under Section 3553(a), the Court **DENIES** the Motion.

**I.    BACKGROUND**

In 2006, Mr. Meza-Acosta was convicted of possessing heroin for sale and sentenced to 180 days in custody, after which he was deported from the United States to Mexico.

(ECF No. 40.) In 2010, he was again arrested and convicted of possession of methamphetamine for sale. (*Id*.) This time, he was sentenced to four years in custody and again deported to Mexico. (*Id*.) In 2016, Mr. Meza-Acosta was arrested for a third time and this time convicted of transportation/sale of cocaine. (*Id*.) He was sentenced to three years in custody. (*Id*.) Mr. Meza-Acosta was then turned over to federal authorities where in 2018 he was convicted of illegally entering the United States after deportation. (*Id*.) He was sentenced to 24 months in custody and deported to Mexico. (*Id*.)

Following this conviction and what proved to be his sixth deportation to Mexico, on April 25, 2020, Mr. Meza-Acosta was arrested back in the United States illegally once again. On September 1, 2020, this Court sentenced Mr. Meza-Acosta to 33 months in custody. (ECF No. 46.) Although Mr. Meza-Acosta's guideline range was 77–96 months (ECF Nos. 42, 43), the Court departed downward in part because Mr. Meza-Acosta was in custody during the COVID-19 pandemic.

Mr. Meza-Acosta has not sought compassionate release from the Warden at the facility where he is being housed. Although Mr. Meza-Acosta claims that he suffers from hypertension and type-2 diabetes and that he suffers from untreated high cholesterol and "other abnormalities which have virtually gone untreated" (ECF No. 47), since he attaches no medical records, it is unclear what abnormalities he refers to.

After receiving Mr. Meza-Acosta's motion for compassionate release, the Court referred the case to Federal Defenders for an evaluation as to whether counsel should be appointed to represent Mr. Meza-Acosta in his compassionate release motion. (ECF No. 49.) Federal Defenders filed a status report notifying the Court that it believed the "court can decide the motion on the existing record without further assistance of counsel." (ECF No. 51.)

## II. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion,

the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

This "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, __ F.4th __ 2021 WL 2695129, at *3–4 (9th Cir. 2021) ("[A] court may not consider a motion brought under § 3582(c)(1)(A) unless . . . the inmate has requested the BOP make such a motion."). "The requirement promotes good policy." *Id.* at *3. It "'ensures that the prison administrators can prioritize the most urgent claims.'" *Id.* (quoting *United States v. Alam*, 960 F.3d 833, 835 (6th Cir. 2020)).

In this case, Mr. Meza-Acosta has failed to exhaust administrative remedies by petitioning the Warden where he is being housed for compassionate release. Since the Government timely raises this issue, this alone is grounds for the Court to deny the current motion.

**B.     Extraordinary and Compelling Reasons**

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Mr. Meza-Acosta fails to meet this burden. He provides no medical records that support his claim. Nor is it clear from the record he has provided the Court what "abnormalities" he has that have gone untreated. Additionally, Mr. Meza-Acosta has

apparently been vaccinated against COVID-19 and, therefore, faces a reduced risk were he to contract the virus. Hence, Mr. Meza-Acosta does not demonstrate extraordinary and compelling reasons for his release.

### C. Section 3553(a) Factors

Finally, considering the factors set out in 18 U.S.C. § 3553(a), Mr. Meza-Acosta is not entitled to release. Mr. Meza-Acosta has three prior convictions for selling illegal drugs in the United States. After each conviction, he was deported to Mexico from the United States and returned illegally only to commit another drug trafficking offense. Finally, he was convicted and sentenced for entering the United States illegally after deportation. The twenty-four-month sentence he received did not deter him from returning once again to the United States illegally. Anything less than the thirty-three-month sentence he received would not provide adequate deterrence or protect the public from further crimes committed by Mr. Meza-Acosta.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Meza-Acosta's Motion to Modify his Sentence. (ECF No. 47.)

**IT IS SO ORDERED.**

**DATED: July 27, 2021**

Hon. Cynthia Bashant
United States District Judge